The action stood over for advisement to this term, and now the opinion of the Court was delivered by
Parsons, C. J.
The defendants are indicted for not repairing a common highway, which it is alleged that they ought to repair They have demurred to the indictment, and the attorney for the commonwealth has joined in demurrer.
Three exceptions are taken to the indictment; that the defective road is not described as lying in the county of Hampshire; that the indictment concludes as for an offence at com *10 mon law, and not against the form of the statute; and that the Common Pleas, where the indictment was found, had no jurisdiction.
The road is described as “ leading from Chicopee road, in the town of Springfield, to the town of South Hadley, in said county and it is alleged that two miles in length of the said road, within the said town of Springfield, was, and yet is, ruinous, to wit, at Springfield aforesaid; and that the inhabitants of the said town of Springfield, in the county aforesaid, ought to repair the same.
The indictment was drawn without much attention; and the defendants have argued that, although in the latter part of the indictment Springfield is described as within this county, yet the location of the defective part of the road, in Springfield [ * 12 J aforesaid, is insufficient, because the Court cannot * judicially presume that the whole of that town is within the county; for in fact there are towns which lie part in one county and part in another county.
The objection by the common law of England might prevail, as in the case of The King vs. Burridge, (3 P. Will. 496,) because the judges cannot presume that the whole of a township or parish lies in the same county. In England the limits of the several counties and parishes are not ascertained by public acts of parliament, the records of which are remaining; but they are determined by ancient usage, of which the judges cannot judicially take notice.
The case is different in Massachusetts. Our county limits, and also the boundaries of our several towns, are prescribed by public statutes, of which we are bound judicially to take notice. When, from these limits or boundaries, it appears that every part of any town is in the same county, of that fact we can judicially take notice. Now, as judges, we know from our several public statutes, that Springfield lies wholly in the county of Hampshire. When, therefore, the indictment alleges, that the inhabitants of said town of Springfield, in the county of Hampshire, ought to repair, and that the defective road lies in Springfield aforesaid, we can lake notice that the defective road lies also in the county of Hampshire.
This objection was made to an indictment in Essex, against one Fairfield, but was overruled ; and the same objection was also made in the county of Worcester, to an indictment against one Davis, for forgery, but did not prevail.
When, from the terms of the location of a town or district, by the act of incorporation, we cannot conclude (nit the whole town *11 or district lies in one county, then the indictment ought to describe the offence as committed, not only in such town, but also in the county where it is found. And in places unincorporated, a similar certainty will be expected.
On the whole, we are satisfied that this objection to the indictment is insufficient.
*This opinion is confined to indictments for misde- [ * 13 ] meanors, and for felonies not capital. But in indictments for capital offences, the strictness of requiring the indictment to allege the offence as committed, not only in a certain town, but also in a certain county, has always been adhered to; and in favor of life the Court, perhaps, would not feel authorized to depart from the ancient rule. Indeed, in all cases it would be prudent for those who draw indictments to adhere to the old practice; because there are towns which do not lie wholly in one county, and also unincorporated plantations, the location of which we cannot judicially know.
To the objection, that the indictment does not conclude against the form of the statute, the attorney-general has admitted, that generally an indictment for an offence, not at common law, but by statute, must conclude against the form of the statute; but he has endeavored to take this case out of the general rule. The statute enjoins on towns the duty of repairing all defective highways within their limits; but does not declare a neglect of this duty to be in dictable; the indictment lies, then, at common law, which prescribes the remedy where the statute is silent. On this ground he has argued, that this indictment need not conclude against the form of the statute.
But we are satisfied that this objection must prevail, unless we overturn an ancient and well-established rule of law. Sergeant Hawkins lays it down as a common ground, that a judgment by statute shall never be given on an indictment at common law, as every indictment, which doth not conclude contra formam statuti, shall be taken to be. And, therefore, if an indictment do not conclude contra formam statuti, and the offence indicted be only prohibited by statute, and not by common law, it is wholly insufficient, and no judgment at all can be given upon it. (2 Hawk. P. C. c. 25, § 116.) The duty of repairing a highway is enjoined on towns in this state, not by the common law, but only by statute; and a breach of that duty is a violation of *the statute. [ * 14 ] And although the common law furnishes a remedy, yet the wrong is not a breach of any rule or maxim of the common law; but is a disobedience to the statute, and the indictment ought to have concluded contra formam statuti. On the ground ol *12 this objection, it is our opinion that the indictment is insufficient, and must be quashed, (a)
It is unnecessary to decide on the third objection taken to the indictment, founded on the supposed want of jurisdiction of the Common Pleas.

Indictment quashed.

 [Commonwealth vs. Cooley, 10 Pick. 37. — Commonwealth vs. Gay, 5 Pick. 44. — Commonwealth vs. Hooper, 5 Pick. 42. — Commonwealth vs. Stockbridge, 11 Mass Rep. 279. — Commonwealth vs. Morse, 2 Mass. Rep. 138. — Haskell vs. Moody, 9 Pick. 172.—Ed |