Curia.

Several of the objections, suggested for the plaintiff in error, are fatal to the proceedings brought before us by the writ in this case.
The intention of the section of the statute, on which the action for the penalty was brought, is to enable the commanders of companies to ascertain the persons within their districts liable [ * 39 ] to do military duty, in order that they may be * duly enrolled by him. This inquiry he may make by another; but in that case he must give a special authority for the purpose, and the person making the inquiry, if another than the commanding officer, must produce his authority, or the keeper of the boardinghouse is not bound to give the information required. This is a very distinct service from that of warning the members of a company *47 already enrolled to attend a muster. Perhaps both services might be performed at the same time; but the delegating a power to enroll soldiers is a different thing from ordering the company to be warned, and ought not commonly to be intrusted to a warrant officer.
The action was misconceived. The statute gives an action upon the case for a tort, but no assumpsit is implied.
When a penalty is given by statute, and a civil action is provided for its recovery, it is essential, not only to set forth the provision of the statute, as was done in the case before us, but there must be a direct allegation that the offence, for which the penalty is given, was committed against the form of the statute, &c. (a)
The declaration was also essentially defective in this case, in that it did not set forth the uses to which, by the statute, the penalty is appropriated. The clerk could not recover it to his own use; and if he did, the other person or persons entitled would have no remedy against him for their shares of the penalty.

Judgment reversed.

 [Commonwealth vs. Inhabitants of Stockbridge, 11 Mass. Rep. 273. — Common wealth vs. Inhabitants of Springfield, 7 Mass. Rep. 9. — Commonwealth vs. Morse, 2 Mass. Rep. 388.—Ed.]