The State *v.* Jones.

---

### THE STATE *v.* JOHN I. JONES.

1. The time and place of committing an offence should be so stated in an indictment, that there be no incongruity or repugnancy on the face of it.

2. Where an indictment charges an offence on the 25th day of August, 1824, in the county of W., and the law creating the county of W. did not pass until the November following, the Court will notice the discrepancy and quash the indictment.

---

This indictment which was found at the Court of Oyer and Terminer of the county of Warren, in June, 1825, and removed here by certiorari, charged that "John I. Jones,

late of the township of Hardwick, in the county of Warren, on the twenty-eighth day of August, in the year of our Lord one thousand eight hundred and twenty-four, at the township of Mansfield, in the county aforesaid, and within the jurisdiction of this court, feloniously did utter and publish as true, a certain false, forged and counterfeited acquittance and receipt for money, which said false, forged and counterfeited acquittance and receipt for money, is as follows," &c.

*M. Croxall* for the defendant now moved to quash the indictment. At the time charged in the indictment, there was no such place in this state as the township of Mansfield, in the county of Warren; the new county called Warren having been erected and set off from the county of Sussex, by an act of the legislature on the twentieth of November, 1824. The indictment charges an impossible fact. When the facts are stated with repugnancy as to time or place the indictment is bad. He cited *Archb.* 3; 6 *Bac. abr.* 553, 562; 1 *Chitty cr. law*, 146, 141, 159, 160, 165; 1 *Str.* 552; 1 *South.* 324; 1 *Caines*, 167; *Hawk. P. C. Ch.* 25 *sec.* 83.

*Morris*, (prosecuting attorney for Warren) and *Vroom* argued in support of the indictment. Time and place are not material; the offence need not in these respects be laid according to the facts; the naming of the county has reference not to the time of the offence, but to the time of finding the indictment; the Court will not take notice of the time of the division of the county of Sussex, and if not, there is nothing incongruous on the face of the indictment; the objection if raised at all must be on the trial. They read *Cowp.* 627; *Starkie*, 23, 24, 71, 66, 240; *Archb.* 3, 13, 14, 15, 35, 37; 1 *Chitty cr. law*, 300.

By THE COURT.—Time and place in an indictment are so far immaterial that in general the evidence is not required exactly to correspond with the charge; but it is a clear rule that time and place must be so stated that there may be no

incongruity or repugnancy in the indictment.    Thus where a time is limited for preferring an indictment, the time laid should appear to be within the time so limited; and in an indictment for murder the death should be laid within a year and day from the time at which the stroke is alleged to have been given, *Arch. c. l.* 14.

The true mode to consider the present question is to take the matters as laid, because on a general verdict they would be considered as true, referring also to the time of the erection of the new county, of which we are bound to take judicial notice, *Commonwealth* v. *Springfield*, 7 *Mass. Rep.* 9. *Per* PARSONS, C. J.   It is seen that at the time mentioned there was no such place as that which the offence is alleged to have been committed.   There is a manifest repugnancy. Let the indictment be quashed, and the defendant enter into recognizance to appear at the next Oyer and Terminer of the county of Warren.