## James Reed *versus* The 'Inhabitants of North-field.

A way is sufficiently shown to be a highway, by proof that it has been known and used as a highway for forty years and during that time has been repaired by the town in which it is situated.

Notice to a town of a defect in a highway, may be inferred from the notoriety of the defect and its continuance for such a length of time as to lead to the presumption that the proper officers of the town knew, or, with proper vigilance and care, might have known of it.

The fact that a person injured through a defect in a highway, had previous knowledge of the defect, is not conclusive evidence of negligence on his part.

The facts that the person so injured was an inhabitant of the town in which the highway was situated, and knew of the defect, but omitted to give notice of it to the town, have no bearing on the question of the town's liability for the injury sustained.

In an action on the case upon a statute, brought by a party grieved, to recover damages merely, it is not necessary to allege in the declaration, that the injurious act or neglect of the defendant was *contra formam statuti.* So *held,* in an action upon *St.* 1786, *c.* 81, to recover double damages for an injury to the plaintiff, caused by a defect in a highway.

This was an action on the case, upon *St.* 1786, *c.* 81, to recover double damages for an injury to the plaintiff, caused by a defect in a highway in the town of Northfield.

The defect complained of was a hole in the road, by the side of a small bridge. The plaintiff alleged that the horse on which he was riding, stepped into the hole, and fell, and threw the plaintiff over his head.

At the trial, before *Morton* J., it was agreed that the road had been known and used as a public highway, for fifty years before the injury to the plaintiff, and as such, during that time, had been repaired by the town of Northfield. The defendants objected to the sufficiency of these facts to show such a highway as would render the defendants liable in this action ; but the judge overruled the objection, and instructed the jury that they were sufficient.

Several witnesses testified to the existence of the hole in the road, as many as ten days before the injury. Four or five freeholders of the town of Northfield also testified tneir knowledge of it from five to ten days before the injury But there was no evidence that any one of the selectmen of the town, or any surveyor of highways, had actual knowledge

of its existence, before the accident. The jury were instructed, that if they believed this testimony, it was sufficient evidence of notice to the defendants to render them liable in this action.

There was evidence tending to prove, that the plaintiff knew of the existence of the hole several days before the accident, and that he spoke of it a few hours before that event.

Upon the foregoing evidence the defendants contended, that inasmuch as the plaintiff knew of the existence of the defect, and none of the town officers did, and inasmuch as the plaintiff was an inhabitant of the town, and so bound either to repair the defect or to give notice to some officer of the town that it might be repaired, he could not recover in this action. They also contended, that for the plaintiff to ride into the hole, with a knowledge of its existence, was such negligence as should defeat his action.

But the jury were instructed, that notwithstanding the plaintiff was an inhabitant of Northfield, and notwithstanding he knew of the existence of the defect and no officer of the town did know of it, and notwithstanding he had taken no means to repair the defect or to inform any town officer of it, yet that he might recover in this action, provided he had been guilty of no negligence in getting into the hole ; that he was bound to use ordinary care and diligence to avoid any defect in the highway; that a knowledge of the existence of the defect had a strong tendency to show negligence on the part of the plaintiff, but that it was not conclusive ; and that if, with a knowledge of the defect, he did use ordinary care to guard against accident, of which the jury were to judge, he might recover.

The jury returned a verdict for the plaintiff; and being asked by the judge, whether they had agreed that the plaintiff had knowledge of the defect before the accident, they answered in the affirmative.

To the above instructions the defendants excepted. If any one of them was wrong, a new trial was to be granted ; otherwise judgment was to be rendered on the verdict.

Reed
v.
Northfield.

The defendants also moved in arrest of judgment, because the supposed cause of action is not alleged to have accrued to the plaintiff from any act or omission or liabilities of the defendants, contrary to the form of any statute, no action lying, at common law, against a town, for damages sustained through the defect of a highway therein.

The only reference to the statute, in the declaration, was in the following clause :—"Whereby &c. and by force of the statute in such case made and provided, the said inhabitants &c. became liable to pay to the said James double the damages by him sustained by reason of the premises aforesaid."

*Sept. 29th.*

*Dewey, R. E. Newcomb* and *H. G. Newcomb* insisted that the defendants had not reasonable notice of the defect in the highway ; that the fact of its being known for a few days to a private individual, was not sufficient to raise a presumption that it was known to a surveyor of highways ; but that if it was sufficient, then it was the duty of the individual to give notice to the surveyor, and the plaintiff being an inhabitant of the town, and knowing of the defect and giving no notice, the injury sustained by him must be ascribed to his own neglect, and he was not entitled to recover in this action. *Wood* v. *Waterville*, 4 Mass. R. 422, and 5 Mass. R. 294.

The fact that the plaintiff knew of the defect and spoke about it but a short time before the accident, is conclusive evidence that he did not use ordinary care and diligence to avoid the danger.

The statute, though remedial as to single damages, is penal as to the increased damages. This action, therefore, is brought to recover a penalty, and as the declaration does not allege that the neglect of the defendants was *contra formam statuti*, the motion in arrest must prevail. *Newcomb* v. *Butterfield*, 8 Johns. R. 266 ; *Bennet* v. *Talbot*, 1 Salk. 212 ; *Lee* v. *Clark*, 2 East, 333 ; Archb. Pl. and Evid. 141 ; *Peabody* v. *Hayt*, 10 Mass. R. 39 ; *Nichols* v. *Squire*, 5 Pick. 168 ; *Clanricarde* v. *Stokes*, 7 East, 516 ; *Penhallow's case*, Cro. Eliz. 231 ; 1 Saund. 135, note 3 ; 1 Dunlop's Pract. 283 ; 2 Chit. Pl. (1st edit.) 184, note *x* ; *Wells* v.

-ggulden, 3 Barn. & Cressw. 186 ; *S. C.* 5 Dowl. & Ryl. 13 ; *Mower* v. *Leicester*, 9 Mass. R. 247 ; *Commonwealth* v. *Springfield*, 7 Mass. R. 9 ; *Coundell* v. *John*, 2 Salk. 505.

*Wells*, for the plaintiff, cited in respect to notice, *Lobdell* v. *New Bedford*, 1 Mass. R. 153 ; and in respect to the alleged insufficiency of the declaration, *Commonwealth* v. *Moore*, 3 Pick. 194 ; *Stanley* v. *Wharton*, 9 Price, 301; *Wilkinson* v. *Colley*, 5 Burr. 2694 ; *Lake* v. *Smith*, 4 Bos. & Pul. 174 ; *Selsea* v. *Powell*, 6 Taunt. 297 ; *Woodgate* v. *Knatchbull*, 2 T. R. 154 ; *Ward* v. *Snell*, 1 H. Bl. 10 ; *Wynne* v. *Middleton*, 1 Wils. 125 ; *Bones* v. *Booth*, 2 W. Bl. 1226 ; Esp. on Penal Actions, 108 ; *The People* v. *Bartow*, 6 Cowen, 290 ; *Barkhamsted* v. *Parsons*, 3 Connect. R. 1 ; *Reynolds* v. *Smith*, 2 Browne, (Penns.) 257.

SHAW C. J. afterward drew up the opinion of the Court. On the trial of this action against the town of Northfield, for injury sustained by the plaintiff, by the insufficiency of a highway, several objections were taken by the defendants to the directions of the judge in matters of law, which have now been considered.

It was among other things objected, that the *locus in quo* was not sufficiently proved to be a highway, by the facts shown. These facts were, that it had been known and used as a public highway for fifty years and during that time had been repaired by the town. It is analogous to a right of way or other easement; which, it has been recently decided, may be held by prescription, by proving a use for forty years. *Kent* v. *Waite*, 10 Pick. 133 ; *Melvin* v. *Whiting*, ibid. 295. Whether a public right of way can be established by dedication and tacit adoption, by a presumed grant, or by any other mode, in a period short of forty years, we do not now give any opinion.

But if an uninterrupted use of a highway and the support of it by the town for forty years, which is now the longest term of prescription known to the law, would not establish it, it would be equivalent to declaring that there can be no highway proved in any mode but by the record of its being `aid out ; which, in regard to many, and those the most important and ancient highways of the commonwealth, would

be utterly impossible. But without dwelling upon the supposed inconvenience of a different rule, we think it clear upon principle, that public easements, as well as others, may be shown by long and uninterrupted use and enjoyment, upon the conclusive legal presumption from such enjoyment, that they were, at some anterior period, laid out and established by competent authority.

We are also of opinion, that the evidence of notice to the town, of the dilapidation of the highway and bridge complained of, was rightly left to the jury. It has often been held, in giving a construction to this act, that notice to the town, of the defect of a highway, may be inferred from its notoriety, and from its continuance for such a length of time, as to lead to the presumption, that the proper officers of the town did in fact know, or, with proper vigilance and care, might have known the fact. This latter is sufficient, because this degree of care and vigilance they are bound to exercise, and therefore, if in point of fact they do not know of such defect, when by ordinary and due vigilance and care they would have known it, they must be responsible, as if they had actual notice.

The fact, that the plaintiff was an inhabitant of the town and knew of the defect, was material only to the point, whether he had used due diligence in avoiding the danger, or whether the accident was the result of his own negligence ; and in this respect it was properly left to the jury. If the defect was so recent, that the town could not be deemed to have constructive notice, they would not be liable, whether the plaintiff knew it or not ; if they had such notice, then it is immaterial whether he gave them notice or not. It was a fact for the jury ; the only point ruled was, that his knowledge of the defect was not conclusive evidence of negligence ; which we think was correct.

But the point which has been most elaborately argued, and upon which many authorities have been cited, arises on a motion in arrest of judgment, because the declaration in this case does not aver, that the negligence of the town complained of, and on the ground of which the plaintiff claims damages, was against the form of the statute relied on.

The precise point is, whether in an action on the case in which a party claims damages merely, and sets out fully the facts upon which that claim rests, bringing it within the provisions of the statute, this averment in precise terms, or in some expression equivalent, must be made. We think it is not necessary. We think the authorities leading to a contrary conclusion, will be found to apply either to indictments or informations, or to actions, of debt or on the case, for penalties, where the same strictness is required. And where the statute gives a penalty, and the thing sued for is pursued as a penalty, although the right to sue is given only to the party grieved, and even though the whole penalty when recovered shall go to the party grieved, still the same rule may apply, because the form of proceeding is still for a penal sum, and the ostensible and real object of the suit, in form at least, is punishment. Some of the elementary works and books of practice lay down the rule, in general terms, without the qualification limiting it in terms to penal actions, but it is believed, that when the cases are examined which are relied on to support the rule, they will be found to be cases of penal actions. 1 Dunlap's Pract. 283, refers to several cases in 1 Gallison, which are actions of debt by the United States, for penalties. *Cross v. United States*, 1 Gallis. 26 ; *Sears v. United States*, ibid. 257 ; *Smith v. United States*, ibid. 261; *Kenrick v. United States*, ibid. 268.

In the first place, it is not necessary to recite a public statute or to refer to it, for the information of the court, and thence it is a rule of pleading, that the court will judicially take notice of the existence and provisions of a public statute, without any reference to it.

Further, the reason upon which the rule is founded is, that all indictments, informations and penal actions will be presumed to be founded on the common law, unless they expressly refer to the statute, and the averment that the act was done against the statute, is a substantive allegation, making it an offence, and, therefore, if this averment is not made, the statement in the close, " whereby an action hath accrued &c.," is a conclusion which does not follow from the prem-

Reed
v.
Northfield.

ıses, because it is the breach of the statute and the avermen⟨ of it, which alone constitutes the averment of an offence. *Wells* v. *Iggulden*, 5 Dowl. & Ryl. 13, and *S. C.* reported less fully in 3 Barn. and Cressw. 186. The whole reasoning goes upon the ground, that it is a penal action and charges an *offence*. The case of *Lee* v. *Clarke*, 2 East, 333, which was also debt for a penalty, was cited and principally relied on. *Bayley* J., in concluding the opinion of the court, says, " inasmuch as this is a penal action, brought, not by a party grieved, but by a stranger, and founded wholly upon the statute, it appears to us, upon the authorities, that the statement of the offence charged is insufficient, unless the facts constituting the *offence* are set out, and it is stated as a substantive allegàtion, that the offence was committed against the form of the statute."

The cases in this commonwealth, where the point has been discussed, seem to recognise this distinction.

*Peabody* v. *Hayt*, 10 Mass. R. 36, was for a penalty. And it was held, that when a penalty is given by statute, and a civil action is provided for its recovery, there must be a direct allegation that thè *offence* was committed against the form of the statute.

In *Nichols* v. *Squire*, 5 Pick. 168, which was a *qui tam* action on the lottery act, the Court say, if the question were ɪew, perhaps courts would give less weight to the objection ; and afterwards add, as all penal actions partake of the nature of a criminal prosecution, for an offence, it may be good policy to require strictness in the proceedings.

In 1 Chit. Pl. (5th edit.) 406, where the rule is laid down, all the authorities cited are cases of penal actions.

2 Chit. Pl. (5th edit.) 495, in giving a form of debt for double rent for holding over, inserts the words, " against the form of the statute," but says in the note, that some of the forms contain this averment, and some do not, without expressing any opinion whèther it is necessary or not. Probably it might be thought open to a question, whether such an action was a penal action or not.

In the present case, we think the action is purely remedial, and has none of the characteristics of a penal prosecu

tion.    All damages for neglect or breach of duty, operate to
a certain extent as punishment; but the distinction is, that
it is prosecuted for the purpose of punishment, and to deter
others from offending in like manner.

Here the plaintiff sets out the liability of the town to
repair, and an injury to himself from a failure to perform that
duty.    The law gives him enhanced damages; but still they
are recoverable to his own use, and in form and substance
the suit calls for indemnity.

It is analogous to the case of *Stanley* v. *Wharton*, 9 Price,
301; which was an action for the double value on a statute,
by a landlord, against the defendant, a stranger, for assisting
a tenant in carrying off and concealing his goods and chattels,
by which the plaintiff was prevented from distraining for his
rent.    *Graham* B., in giving his opinion, upon the question
whether the court would grant a new trial, after verdict for
the defendant, said, " the act is clearly distinguishable from
those that impose penalties.    I consider it entirely and purely
remedial, providing for giving double the value, for the
aggravation of the injury done to the landlord by the wrong-
ful removal and concealment."

It appears to us, that this is an action of similar character,
and that in form and substance it is a remedial action.    In
an indictment or penal action, after averring the fact done,
it must be averred that it was done against the form of the
statute, to found the legal conclusion, that it was an *offence*,
an act punishable.    But in a remedial action it is not neces-
sary to set out any *offence*.    It is brought to obtain indem-
nity; the plaintiff avers the liability of the town to keep the
highway in repair, the actual state of dilapidation therein,
notice of this to the defendants, the actual damage done to
the plaintiff by reason thereof, and then draws the conclusion,
which seems to us to be a legal and sound conclusion, that
by these facts and by force of the statute, the plaintiff has
a legal claim against the town for indemnity.    It is not
necessary to aver that the facts constitute an *offence*, but only
that they give the plaintiff a title to indemnity    The same
facts do in law constitute an offence, and render a town
punishable by indictment; and where they are set out in

9 *

Reed
v.
Northfield.

an indictment, or other penal proceeding for that purpose, it would be necessary to follow the established form of pleading applicable to that form of proceeding. The circumstance that a judgment in this case would be no bar to an indictment against the town, founded upon the same facts, shows clearly the legal distinction between the two cases ; the one is remedial, and seeks indemnity against a party made liable by law to repair the loss he has occasioned, the other is penal, and seeks to punish the party for the violation of a duty imposed by law.

*Motion for a new trial and motion in arrest of judgment overruled, and judgment on the verdict for double damages.*