## THE STATE *versus* FREDERICK A. ROBERTS & *al.*

The District Courts of this State are Courts of the State, and when holden, are District Courts for the counties, and not for the districts. The allegation, therefore, " for the eastern district," in an indictment found in a county within that district, is unnecessary.

A description of the Court, in an indictment, as " the District Court of the State of Maine, holden at Bangor in the county of Penobscot, for the county aforesaid," is a sufficient description.

And in an indictment wherein the Court is so described, it is enough to allege, that a warrant, issued by order of the Court, was " under the seal of said Court."

In this country, usually, in an indictment, the place where an offence is alleged to have been committed, is a town named, which is within a county also named, where the Court have jurisdiction; but it is not necessary, that the town should be stated, if the place mentioned is equally specific. If the particular place named is shown to be within the county, over which the Court have jurisdiction, it is sufficient.

If an indictment alleged, that an offence was committed either within the town of E. or the town of H. in the county of Penobscot, without indicating more specifically the particular spot, there would be an uncertainty, which, in cases on this subject, has been held to be fatal. But if it allege that the acts, constituting the offence, were done on the Penobscot river, on a particular part of it, within the county, it is sufficiently certain.

This case was said in the argument to have come before the Court on a motion in arrest of judgment. But no copy of any motion came into the hands of the Reporter.

The following is a copy of the indictment : —

" STATE OF MAINE.

" PENOBSCOT, ss. At the District Court for the Eastern Dis-

trict of the State of Maine, begun and holden at Bangor within and for the county of Penobscot, on the first Tuesday of January in the year of our Lord one thousand eight hundred and forty-four.

The jurors for the State aforesaid upon their oath present, that Frederick H. Allen, Esq. then and now one of the Justices of the District Court for the State of Maine, duly qualified and empowered to perform the duties of that office, at Bangor aforesaid, in the county aforesaid, on the 10th day of October now last past, while holding a District Court at Bangor aforesaid, in the county aforesaid, for the county aforesaid, did make or cause to be made a certain warrant in writing, under the seal of said Court, and signed by one Wm. T. Hilliard, Clerk thereof, and witnessed by said Frederick H. Allen, directed to the sheriff of said county of Penobscot or either of his deputies, by which warrant the said sheriff and his deputies were commanded to take the body of one Wm. Wallace (if he could be found within their precinct) and him safely keep, so that he could be had forthwith before the Justices of the District Court for the Eastern District, then sitting at Bangor, within and for the county of Penobscot, then and there to answer to such matters and things as should be objected against him, for contempt of process of law, and of that Court, for that the said Wm. Wallace being a material witness in behalf of the State in an indictment against one Harriet Stinson, then and there to be tried, in said Court, and having been duly summoned to give evidence touching the matter of said indictment, neglected and refused to appear, which said warrant was afterwards, to wit, on the same day, at Bangor aforesaid, delivered to one Henry Morgan, then and now one of the deputy sheriffs for said county under Jabez True, Esq. then and now sheriff thereof, to be by him executed in due form of law, and that the said Henry Morgan, so being a deputy sheriff as aforesaid, afterwards, to wit, on the eleventh day of said October, on the Penobscot river, between the two towns of Enfield and Howland or within the limits of one or the other of them, and within said county of Penobscot, did

take and arrest the said William Wallace for the cause afore-said, and him, the said William Wallace, the said Henry Morgan, deputy sheriff aforesaid, in his custody then and there had, and that John S. Hunt of Oldtown, in said County of Penobscot, laborer, and Fred. A. Roberts of said Oldtown, laborer, well knowing the said Wm. Wallace so to be arrested as aforesaid, afterwards, to wit, on the said eleventh day of Oct. now last past, on the said Penobscot river between the two towns of Enfield and Howland aforesaid, or within the limits aforesaid, or either of them, and within said county of Penobscot, with force and arms in and upon the said Henry Morgan, deputy sheriff as aforesaid, then and there being in the peace of said State, and in the due and lawful execution of his said office, did make an assault, and him the said Henry Morgan did then and there ill treat and abuse, and that the said John S. Hunt and Frederick A. Roberts him the said Wm. Wallace out of the custody of him the said Henry Morgan, and against the will of the said Henry Morgan then and there unlawfully did rescue and escape at large to go where he would, to the great damage of the said Henry Morgan, and against the peace and dignity of the said State of Maine.

" A true bill.                         Moses Rowe, Foreman.
" Gorham Parks, Attorney for the State
for the County of Penobscot."

*J. Appleton* argued for the defendants. In the course of his remarks he cited Rev. Stat. c. 97, § 5 and 12 ; Stat. 1839, c. 398, § 2; 19 Maine R. 207; 3 M. & S. 167; 11 East, 508; 1 C. & P. 472 ; 2 B. & A. 756; 7 T. R. 447 ; 2 Esp. R. 98 ; 1 Chitty's Crim. Law, 196, 197, and note ; 2 Mis. 226 ; 3 Mis. 61 ; 1 Mis. 547 ; 1 Bailey, 144.

*Moor*, Att'y Gen'l, argued for the State.

The opinion of the Court was drawn up by

TENNEY J. — It is contended on the part of the defendants, that the warrant issued to arrest the witness named therein does not sustain the indictment.

The warrant is a command to the sheriff of the county of Penobscot or his deputy to take the body of William Wallace, and " him safely keep, so that you have him forthwith before our Justices of our District Court for the eastern district now holden at Bangor, within and for the county of Penobscot." The allegation in the indictment is, " that Frederick H. Allen, Esq. then and now one of the Justices of the District Court for the State of Maine, duly qualified and empowered to perform the duties of that office, at Bangor aforesaid, in the county aforesaid, on the 10th day of October now last past, while holding a District Court at Bangor aforesaid, in the county aforesaid, for the county aforesaid, did make or cause to be made a certain warrant in writing under the seal of said Court, and signed by one William T. Hilliard, Clerk thereof, and witnessed by said Frederick H. Allen," &c.

By statute of 1839, c. 373, sect. 1, there is established a District Court, which shall be holden by one Justice, and by sect. 3, all writs and processes issuing from the District Court shall be in the name of the State, and shall bear test of one of the Justices of said Court, and such writs and processes shall be under the seal of said Court, and signed by the clerk, &c.; and by c. 398, sect. 2, the District Judge or Judges are authorized to adopt seals of the Court for the respective Districts.

By the Rev. Statutes, chap. 97, sect. 1, the District Court heretofore established is hereby continued, and the State is divided into three Districts, which shall be denominated the Western, the Middle and the Eastern Districts. All writs and processes issuing from such Court shall be in the form now in use, and shall be so authenticated, signed, sealed, &c. Sect. 12. The District Court shall be held annually in the several counties in the State at the places and times hereinafter mentioned, that is to say, " at Bangor for the county of Penobscot on the first Tuesday of January, the first Tuesday of October and the fourth Tuesday of May." Sect. 27. There shall continue to be one Justice of the District Court in and for the said Western District, and one other Justice for the Middle District and two

other Justices in and for the Eastern District. Sect. 5. In 1844, an act was passed by which the District Court, heretofore established, is continued, and it is provided, that there shall be one Justice only in and for the Eastern District. Chap. 125, sections 1 to 5 inclusive. By chap. 97, sect. 11, Rev. Stat. the Court may be held by the Judge of some other District, if thereunto requested by the Judge, whose duty it was to hold such Court.

It is seen from the provisions in the statutes referred to, that the District Court is a Court of the State, which is to be holden for the several counties. In the appointment of the Judges, it is required, that they shall be selected from those residing in the District, in which they are to act in the discharge of their official duties, but the Courts when holden are District Courts, and for the counties, and not for the Districts. The words in the warrant, "for the Eastern District," were not required to give authority to the officer to whom it was directed ; and it was alike unnecessary that the indictment should contain an allegation, that the Court was for the Eastern District.

The allegation in the indictment, that the Justice named, being one of the Justices of the District Court of the State of Maine, while holding a District Court at Bangor, in the county of Penobscot, for the county aforesaid, is so certain, that it could not be confounded with a warrant from the District Court of the United States, as has been suggested by the defendant's counsel. The latter is a Court of the United States, and is holden in this State for the District of Maine, and not for any State or county. The warrant is alleged to have been under the seal of the Court, and whether it was the seal of the District Court of the State or the District Court for the Eastern District, does not appear; but if it was either it was a compliance with the statute ; and the allegation is, that it was the seal of said Court, which must refer to the District Court generally, or to the District Court held in and for the county of Penobscot.

Another ground of the motion in arrest of judgment is, that there is uncertainty as to the place, where the offence is alleged to have been committed.

The crime consists, in an alleged assault and battery upon the person of the officer, who had arrested the person against whom the warrant issued, and the rescue of the person so under arrest, from the custody of the officer. It is stated in the indictment, that the officer named, " on the Penobscot river, between the two towns of Enfield and Howland, or within the limits of one or the other of them, and within said county of Penobscot, did take and arrest the said William Wallace," &c. and it is further stated, that the officer then and there had the said Wallace in his custody, and then follows the further allegation that the defendants, named, " well knowing the said Wallace to be arrested as aforesaid, afterwards," &c. " on the said Penobscot river between the two towns of Enfield and Howland aforesaid, or within the limits aforesaid, or either of them, and within said county of Penobscot, with force," &c. " in and upon the said Henry Morgan, deputy sheriff as aforesaid, then and there being in the peace of said State, and in the due and lawful execution of his said office, did make an assault, and him the said Henry Morgan did then and there ill treat," &c. and that the defendants " him the said Wallace out of the custody of him the said Henry Morgan and against the will of the said Henry Morgan, then and there unlawfully did rescue," &c.

By the English common law, "in general it is essential to lay every issuable and triable fact to have happened in some particular parish, ville, hamlet or place within the county to which a venire may be awarded, and it will not suffice merely to state the county." Chitty's Cr. Law, 196. And "in general when any particular fact is averred, it should be stated to be done then and there, after the county and ville have been clearly expressed in the body of the indictment, and the allegation of time and place, " then and there" should be repeated to every material fact, which is issuable or triable." Ibid, 198. If two places be previously named, and afterwards a material fact only laid " then and there," the indictment is defective, because it is uncertain to which place reference is made, and the indictment would be bad on motion in arrest of judgment. Ib.

200. " But it is in no case, not even in instances of treason or murder, necessary to prove that the offence was committed at the precise ville, parish or place laid in the indictment, excepting when the place is of the essence of the crime." *Ib.* 199.

In this country, the place where an offence is usually alleged in an indictment to have been committed, is a town named, which is within the county also named, where the Court have jurisdiction ; but it is not necessary that the town should be stated, if the place mentioned is equally specific. We have seen, that in England, the " ville, hamlet or place" is all that is required. And no valid objection can be taken, if the place is a state house, court house, or college, instead of the town. Neither is it necessary, that the particular place should be one, the existence of which the Court can without proof take judicial notice. In England, courts cannot presume as in this country, that a certain parish or town is in the county named in the indictment, because the boundaries of such are not defined by public laws. *Commonwealth* v. *Springfield,* 7 Mass. R. 9. But if the particular place named is shown to be in the county over which the Court have jurisdiction, it is sufficient. An indictment found in this county, containing the allegation, that the offence set out was committed on the Pushaw Pond, in the county of Penobscot, it cannot be doubted, that this is all which the law would require, provided it was made to appear, that Pushaw Pond was in this county.

If the whole description of the place where the offence is alleged in this indictment to have been committed, when taken together, legitimately conveys the idea to the mind, that it was either in the town of Enfield or the town of Howland, in the county of Penobscot, without indicating more specifically the particular spot, there would be an uncertainty, which has been held in analogous cases to be fatal. There are the words, " or within the limits of one or the other of them," referring to the two towns mentioned in the preceding clause of the sentence. Did the grand jury find only, that the rescue was made either in the town of Enfield or the town of Howland, in the county of Penobscot, or on the

Penobscot river, in the same county ? If so, nothing more was necessary, then to have used this plain and simple language in its shortest terms, which could have left no doubt, that there was an uncertainty as to the place. But it is clear, that the grand jury did not find the place of the alleged crime thus uncertain. They found that the acts constituting the offence, to have been done on *the Penobscot river* in the county of Penobscot ; they found further upon what portion of that river, within the county, was the scene of the rescue, and that spot is described in the indictment. But no traces of the acts would exist upon the waters after they were done, and it must be uncertain where they took place in reference to the line dividing the two towns of Enfield and Howland. Hence the indictment states, that the *place on the Penobscot river was between the towns of Enfield and Howland, " or within the limits of one or the other of them."* The grand jury were manifestly in doubt, whether the spot was upon the thread of the river, which was the exact line between the two towns, and therefore not wholly in one or the other, or whether it was entirely on one side or the other of that line ; and if not upon the line they did not find on which side thereof was the place of the rescue. But it is clear from the language that the use of the alternative terms, is not expressive of a doubt, that the spot was upon the Penobscot river, where it passes and is the line between the two towns named. This construction gives force and effect to every word used, and is consistent with the strictest rules of grammatical construction. The place of the acts complained of being as particular as the rules of criminal pleading require, and there being no question, that it was within the jurisdiction of the Court it is sufficient ; when the terms " then and there" are used subsequently in the indictment, they refer to the time and place previously described therein, and are as free from uncertainty as the language to which the reference is made.

*Motion overruled.*