WILLIAM HOLCOMBE, Plaintiff in Error, *vs.* JOHN McKUSICK, ET. AL. Defendants in Error.

ERROR FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

The Plaintiff below brought suit to recover damages for injuries to his dwelling and the furniture therein, by reason of the wrongful and unlawful acts of the Defendants in removing said dwelling, situated upon a certain lot in the city of Stillwater in the county of Washington, the property of the Plaintiff. Damages claimed, five thousand dollars.

The Defendants, in their answer, set forth in full the act of the Legislature of the Territory of Minnesota, entitled "An Act to incorporate the City of Stillwater in the County of Washington," approved March 4, 1854. [See Session Laws 1854, page 171.]

The answer then sets forth the organization of the city government by virtue of said act, and recites the ordinance of the City Council creating the office of Marshal of said city, regulating his duties, &c.; also, the ordinance of said City Council concerning nuisances, &c. — providing, among other things that if any person "shall place, or cause to be erected or placed "any buildings, lumber or other obstruction whatsoever, in or "upon any of the streets or landings of said city, or shall "occupy, maintain or keep, or cause to be maintained, occu-"pied or kept, any such building, lumber or other obstruction "now erected or placed in or upon any of the streets or land-"ings of said city, it shall be the duty of the Marshal to give "notice to such person or persons to remove such nuisance "forthwith"; and further providing, that if such person or persons shall permit any such nuisance to remain, after twenty-four hours notice to remove the same, and if such "nuisance shall be manifestly dangerous or improper, or "shall interfere with the use and enjoyment of the streets and "landings "of said city, it shall be lawful for the Marshal to remove "and abate such nuisance, either by removing the building "

or other obstruction erected, placed or maintained in or upon said streets or landings, &c.; and providing further for an assessment of the damages sustained by reason of such removal, &c. and giving the Marshal full power to call to his assistance in the execution of said ordinance any male inhabitant of said city, &c.

The answer further states, that the building mentioned in the complaint was in and upon Main-street in said city, according to the plot thereof recorded on the 12th day of September 1848, and that said building obstructed the free use of said Main-street, and that the same was a public nuisance; that, on the 30th day of October 1854, the Marshal of said city, in pursuance of said ordinance had served a notice upon the Plaintiff, requiring him to remove the said building from said Main-street, which the said Plaintiff had failed and refused to do; and that, on the 4th day of November thereafter, the said Defendant, Jonathan McKusick, the then Marshal of said city, did remove said building, and had called to his assistance the other of the Defendants.

The answer further denies all the allegations of said complaint, charging the Defendants with damages for injuries to said building, and denies that the same was injured in a greater amount than two hundred dollars, which was unavoidable and necessary in removing the same as aforesaid.

The reply of the Plaintiff denies, upon information and belief, the passage of the Act to incorporate the City of Stillwater recited in the answer, and alleges that no such act had ever been *published* pursuant to the provisions of Sections 2, 3 and 4, Chapter II. of the Revised Statutes of the Territory.

But " alleges that an act of said Legislative Assembly was "published pursuant to the provisions and requirements of "said section;" and quotes in full an act incorporating said City of Stillwater, without stating when the same was passed or approved, or when or where it was published.

The reply further denies, upon information or belief, all the allegations in the complaint respecting the organization of said city under the act recited in the answer, the ordinances of said city creating the office of Marshal and defining his duties, and

the ordinance concerning nuisances, recited in said answer; and denies that said building was in or upon Main-street in said city, according to the recorded plot thereof, dated September 12, 1848.

*Second.* The reply states that the said building was erected prior to the 12th day of September, 1848, and denies that the plot of the City of Stillwater in the answer mentioned was ever certified by the Surveyor thereof, or that it was ever duly acknowledged or recorded in the office of the Register of Deeds in the proper county.

*Third.* The reply further states that a plot of the Town of Stillwater in St. Croix County, Wisconsin Territory, was acknowledged by one John McKusick; that the said John McKusick was not a County Commissioner of the County of St. Croix in the Territory of Wisconsin, or the sole owner or proprietor of said Town of Stillwater at the time said plot was acknowledged; that he acknowledged the same in his own name, and not as the agent of the proprietors of said town; that on the first day of July, 1848, and when the title to the land included in the alleged plot of the City of Stillwater was in the United States, the Plaintiff, with other persons, was settled and resided upon lands included in said alleged plot—the Plaintiff occupying and possessing the premises mentioned in the complaint and the buildings therein mentioned.

The reply then sets out in full the formation of a " Claim Association," similar in all respects to the one set forth in the case of *Brisbois vs. Sibley, et. al.* [see *ante*, page 230], which Association was formed for the purpose of securing to the people of Stillwater the legal title to the lots which they respectively occupied. A person was appointed to bid off the lands, which were to be by him deeded to the respective owners thereof. A committee was appointed to adjust conflicting claims, &c. and it was made a part of their duty to have a survey made of the Town of Stillwater, so as to conform to the present surveys, fixing the bounds of the lots and blocks and numbering the same. John McKusick was appointed to bid off the lands at the land sales.

That before the 11th day of September, 1848, one Harvey Wilson made a survey of the Town of Stillwater, which plot is the same referred to in the Defendants' answer.

That such survey was afterwards accepted by said commit-tee, and that the claim of this Plaintiff was settled by them, as follows : " That the said Plaintiff should be entitled to re-" ceive a deed of his lot on which he then resided, according " to the town plot of Stillwater, as surveyed and plotted by H. " Wilson, August 28, 1848 ; and the said committee, on said " day, further resolved that inasmuch as the house in which " said Plaintiff resides is in the street, that the same remain " where it now stands until it is removed at the public ex-" pense."

The Defendant demurred to the first subdivision of the Plain-tiff 's reply,—Because the Act of Incorporation of the "City of Stillwater" set forth in the answer, is not a "general law" within the legal meaning of the sections of the Revised Statutes specified in that portion of said reply, and it was not necessary that it should be published as in said sections directed, but that the same took effect from and after its passage, according to its terms ; and because, a failure on the part of the Secretary of the Territory to comply with the provisions of Section 4 Revised Statutes, referred to in said reply, will not invalidate an act of the Legislature ; and because it is impossible to know what is intended in the said portion of said reply, as the publi-cation of such a document in a newspaper can have no effect upon the issues of this action, nor is such publication in any manner responsive to any portion of the answer : it is not pre-tended that the act specified in the answer is not the act passed by the Legislature, nor is it alleged that the act quoted in the reply was ever so passed and enacted.

To the second subdivision of said reply,—Because it is im-possible to understand or know what is intended by that portion of said reply,—no reason being given, or apparent, for in-serting it : the question in the cause being, *where* the build-ing was when it was removed, and not *when* it was erected or placed there.

To the third subdivision of said reply,—Because the same is matter of evidence and is improperly inserted in a pleading ; and because the same only amounts to an admission of the truth of the facts alleged in the answer, to wit : that the town

22

plot was surveyed, acknowledged and recorded, and that the building referred to was in the street and continued there until removed; and because the same is contradictory.

A motion was made at the same time, on behalf of the Defendants, to strike out certain portions of the Plaintiff's reply.

The District Court sustained the demurrer, and allowed the motion, with leave to amend; and afterwards, judgment was rendered against the Plaintiff for costs.

Points and authorities relied upon by the Plaintiff in Error:

*First.*  The demurrer cannot be sustained, because there are incurable defects of substance in the answer.  1 *Code Rep. N. S.* 238; 1 *Code Rep.* 342; *Van Santvoord's Pl. p.* 367; 3 *Cowen,* 96; *Newell's Pr. vol.* 1, *p.* 539, 40 *et pariem.*  The answer is bad in the following particulars:

1.  The Act of Incorporation of the City of Stillwater is a general law, requiring, under the Revised Statutes, to be published before it can become operative, which publication should have been averred.  *Vide Rev. Stat. sec.* 2, *Chap.* 2, *pp.* 33, 34; 1 *Kent's Com. vol.* 1, *p.* 506; *Buvier's Law. Dic. vol.* 1, *p.* 347; *Civil Code Laws, art.* 420; *Pierce vs. Kemball,* 9 *Greenl.* 54; *Bac. Abr. vol.* 9, *p.* 231; 7 *Mass.* 9; 5 *Mass.* 266; *ib.* 329; 8 *Shep. Me. Rep.* 58.

The provision of the Revised Statute referred to is not repealed by the words of the Act.  *Bac. Abr. vol.* 9, *p.* 228; *Rex vs. Idle,* 2 *Barn. & Co.* 149; *Golden vs. Buck,* 15 *East.; Bac. Abr. vol.* 9, *p.* 257; 15 *East.* 322.

*Second.*  The Defendants' justifying the commission of the acts complained of under and by virtue of a special and limited jurisdiction must aver that every requirement of the Act of Incorporation has been complied with, which they have not done in their answer.  *Thayer vs. Stearns,* 1 *Pick.* 112; *Weller vs. Ballette,* 11 *Mass.* 480; *Saxton vs. Nimms,* 14 *Mass.* 320; *Ayre vs. Young et. al.* 13 *Mass.* 320; 4 *ib.* 232; 5 *Wend.* 170; *Cable vs. Cooper,* 15 *J. R.* 122, *Opinion.*

*Third.*  The Act being a general law, the allegation that it has never been published raises a material issue.  [*Vide* Revised Statute before cited.]

*Fourth.* The Act of Incorporation being a private act as the Defendants insist, then the matter covered by the demurrer is irrelevant and redundant and can only be reached by motion. *Smith vs. Greenin,* 2 *Sandf. S. C. R.* 702; 3 *Sanford,* 743; 3 *Code Rep.* 206; 6 *H. P. R.* 475; 4 *H. P. R.* 68; *ib.* 24; *V. Santvoord Pl.* 284, 426, 371, 400, 408; 4 *Sandf. S. C. R.* 660.

*Fifth.* The matter embraced by the second count of the demurrer is irrelevant and redundant, and the authorities just cited indicate that such matter can only be reached by motion.

*Sixth.* The third count of the demurrer cannot be sustained, because, admitting it to be matter of evidence, it is not demurrable. *I Code Rep. N. S. p.* 270.

2. It is to a fragment of an integral defence. *V. S. Pl. pp.* 369, 370, 353, 439; *Cobb vs. Frazer,* 4 *H. P. R.* 413; *ib.* 373; 5 *H. P. R. p.* 5; *ib.* 206.

3. Allegations contradictory can only be reached by motion under authorities cited; no contradiction is apparent upon the face of the matter demurred to; and

The matter embraced in the last count of the demurrer contains a valid and sufficient defence to the new matter of the answer.

*Seventh.* Either count of the demurrer being disallowed the whole must fail. *Authorities above cited;* 1 *C. R. N. S.* 397; *V. S. Pl.* 367, 353, &c.

[The points and authorities of Defendants in Error are not on file.]

S. J. R. McMILLAN and WILKINSON, BABCOCK & BRISBIN, Counsel for Plaintiff in Error.

THOMPSON & PARKER, Counsel for Defendant in Error.

The judgment of the District Court was affirmed with costs.

---

The Pleadings in this cause would of themselves make a respectable book *in size,* but as there is no Opinion on file, and the record very imperfect, I have stated the issues in as few words as possible.—REPORTER.