## COMMONWEALTH *vs.* PETER CUMMINGS.

A complaint, which alleges that " J. S. of New Braintree in the county of Worcester," " at New Braintree," without saying " said New Braintree," or adding the name of the county, did unlawfully sell intoxicating liquor, sufficiently states the place of the commission of the offence.

A COMPLAINT, made before a justice of the peace, alleged " that Peter Cummings of New Braintree in the county of Worcester on the twenty-third day of July in the year of our Lord one thousand eight hundred and fifty five at New Braintree with force and arms did sell " intoxicating liquor, in violation of *St.* 1855, *c.* 215, § 15.

The defendant, being convicted before the justice, and again on appeal, in the court of common pleas, moved in arrest of judgment, " that it did not appear from the complaint that any offence was committed within this county, inasmuch as there is no allegation of place within the county, to the material allegation of sale." *Morris,* J. overruled the motion, and the defendant alleged exceptions.

*C. K. Wetherell,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J. As the complaint alleges that Peter Cummings of New Braintree in the county of Worcester sold intoxicating liquor at New Braintree, it must be understood that he is charged with having sold it at the same New Braintree which is before mentioned, namely, in the county of Worcester. See *Commonwealth* v. *Springfield,* 7 Mass. 9. If New Braintree had not been previously designated as within the county of Worcester, the complaint would have been insufficient to sustain a judgment. *Exceptions overruled.*