### COMMONWEALTH *vs.* INHABITANTS OF TAUNTON.

An indictment against a town for suffering a highway to be out of repair is supported by proof that the way is inconvenient, without proof that it is absolutely unsafe.

On the trial of an indictment against a town for suffering a highway to be out of repair, the jury were instructed, that if, taking into consideration the location of the way and the extent and kind of travel over it, they were satisfied that there was a substantial inconvenience in the use of the road, burdensome to the traveller as compared with other similar ordinary roads, they might find that the way was inconvenient, but proof of slight inconveniences would not be sufficient. *Held*, that the defendant had no ground of exception.

A way cannot be proved to have become a public highway by dedication or prescription, so as to render a town liable for its repair, without proof that it had become such before the passage of *St*. 1846, c. 203.

INDICTMENT for suffering a highway to be out of repair " so as to be inconvenient and dangerous to the lives and safety of the citizens of the Commonwealth then and there passing," &c.

At the trial in the superior court in Bristol before *Vose*, J., the Commonwealth introduced evidence tending to show that during the time covered in the indictment the way, by want of proper grading, surface covering and drainage, was very muddy and miry and inconvenient for travellers. And for the purpose of charging the defendants with the liability of keeping it in repair, evidence was introduced that the way was within the limits of the town; that it had been used as a public way for more than thirty years, and was used as such during the time named in the indictment, and since; that it was known in the town by the name of Dean Street, most of the witnesses testifying that they lived on the street, and one of them that he had resided there for more than twenty seven years; and that the road was used for teams between Taunton and neighboring towns.

The defendants offered no evidence; and requested the judge

to instruct the jury " that the Commonwealth must show, not only that the road was inconvenient, but also that it was so unsafe that travellers using ordinary care could not pursue their ordinary business upon the road with reasonable facility, taking into consideration the season of the year and the nature of the soil over which the road was built; and that the evidence offered by the government was insufficient to show that the town was liable to keep the road in repair."

The judge declined to give the instructions prayed for; and instructed the jury " that the evidence would warrant them in presuming, in the absence of all other evidence, that this road had been opened for public use, and had been adopted and accepted by the town as a public highway; that, as to the condition of the road, the Commonwealth must satisfy them that the road was unsafe or inconvenient for those travelling upon it and using ordinary care; that, in determining whether it was either unsafe or inconvenient, the jury would take into consideration its location, and the extent and kind of travel usually passing over it; that whether a road was safe or inconvenient depended very much upon the facts and circumstances of each case, and proof of slight inconveniences would not be sufficient; and that the jury must be satisfied, having reference to the nature and amount of the public travel upon the road, that there was a substantial inconvenience in the use of the road, burdensome to the traveller, as compared with other similar ordinary roads, and growing out of causes which could be removed by the town by a reasonable expenditure of money." The jury returned a verdict of guilty, and the defendants alleged exceptions.

*C. I. Reed,* for the defendants.

*S. H. Phillips,* (Attorney General,) for the Commonwealth, cited *Commonwealth* v. *Charlestown,* 1 Pick. 188; *Commonwealth* v. *Low,* 3 Pick. 408; *Commonwealth* v. *Belding,* 13 Met. 10.

BIGELOW, C. J.   Towns are required by statute to keep all highways and town ways within their respective limits in repair, " so that the same may be safe and convenient for travellers." Rev. Sts. *c.* 25, § 1.   It was not sufficient therefore for the de-

fendants to show in the present case that the way was safe, so that a person might travel over it without danger to life or limb. A further duty was imposed upon them. The road was to be kept in such condition that it might be used with ease and convenience. Proof that it was inconvenient, so as to be burdensome to the traveller, supported the indictment, because it showed that the defendants had been guilty of a breach of a legal duty imposed by statute. *Commonwealth* v. *Springfield*, 7 Mass. 9. *Mower* v. *Leicester*, 9 Mass. 247. In considering the degree of negligence which would render the defendants liable, it was proper for the jury to take into view the state of other roads, similar in their construction, situation and use to that which was the subject of indictment. Negligence is a relative term. The jury must have some means by which to judge whether the defendants had violated their duty; and it certainly was not establishing too high a standard, or holding them to a too strict rule, to require that they should use the same diligence as was exercised by others charged with like duties and obligations as were imposed upon them. So far we are of opinion that the instructions were correct.

But they seem to us to be erroneous and deficient in that portion of the charge which related to the legal liability of the town to support and repair the road set out in the indictment. There having been no proof that the way had ever been laid out in the manner prescribed by statute, it could have become a public way chargeable on the town only by prescription or dedication. To establish a way by prescription it was necessary to prove an actual public use, general, uninterrupted and continued for at least twenty years. *Jennings* v. *Tisbury*, 5 Gray, 73. To render it a public way by dedication only, it was essential to show some act or prove some circumstances from which an assent to and acquiescence in such dedication by the town might be properly inferred. *Bowers* v. *Suffolk Manuf. Co.* 4 Cush. 332. But in either case it was necessary to show that it had become a public way prior to *St.* 1846, c. 203, which provides that "no way heretofore opened and dedicated to the public use and not already become a public way,

and no way hereafter opened and dedicated to the public use, shall become chargeable upon any city or town, unless such way shall be laid out and established by such city or town in the manner prescribed by the statutes of this commonwealth." This provision seems to have been overlooked at the trial of this case. Under it the road in question could not have become chargeable on the defendants, unless it had become a public way either by prescription or dedication prior to its enactment. The attention of the jury was not called to a consideration of the facts in evidence in the light of this provision, and it is impossible to support their verdict, because it cannot now be known that it may not have been founded, either in whole or in part, on the proof of the use of the road as a public way since the statute above cited was passed.      *Exceptions sustained.*